Daniel W. **KARST**, Appellant,

v.

**F.C. HAYER CO., INC.** Respondent.

No. CX–88–1044.

Court of Appeals of Minnesota.

Sept. 27, 1988.

Review Granted Dec. 1, 1988.

Heard, considered and decided by FOLEY, SHORT and LESLIE*, JJ.

## OPINION

DAVID R. LESLIE, Judge.

Daniel Karst appeals from a summary judgment entered in favor of F.C. Hayer Co., Inc., on claims for disability discrimination under the Minnesota Human Rights Act, Minn.Stat. § 363.03, subd. 1(2) (1986), and Minn.Stat. § 363.03, subd. 1(6) (1986). We reverse and remand.

## FACTS

Appellant, Daniel Karst, has been employed as a warehouseman for F.C. Hayer since 1953. He incurred two work-related shoulder injuries in the course of his employment. The first injury, in 1979, resulted in lost time from work and a permanent partial disability rating. He returned to work in 1979 or 1980. Karst's second injury occurred in July 1984, an injury to his left shoulder. He received various workers' compensation benefits for this injury, including medical benefits, rehabilitation benefits, temporary total disability benefits, permanent partial disability benefits, and temporary partial disability benefits.

Dr. Haley, Karst's primary treating physician, diagnosed the second injury as a left rotater cuff tendonitis with adhesive capsulitis and impingement syndrome. In Haley's opinion, the injury resulted in a three percent permanent partial disability. Karst was released to work in April 1985, and continues to be released to work with certain medical restrictions. Karst may not use his left arm for lifting above his head or for pushing or pulling heavy objects and he has some limitations in lifting objects with his left arm up to shoulder level.

Following rehabilitation with Carol Mossey, a Qualified Rehabilitation Consultant, Karst first requested to be returned to work in the summer of 1985. Hayer denied this request. The company denied later requests by Karst and Mossey indicating

Gary T. LaFleur, Randall J. Fuller, Babcock, Locher, Nielson & Mannella, Anoka, for appellant.

Kathleen Hughes, Paul L. Landry, Fredrikson & Byron, Minneapolis, for respondent.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

that they would not rehire Karst if he had any restrictions. After refusing to attend a rehabilitation meeting with Karst and Mossey, Hayer stated it was company policy to not modify the job nor allow him to change departments as long as he was under any restrictions whatsoever.

Appellant then commenced a disability discrimination action in district court claiming compensatory damages which include loss of past and future earnings, future loss of benefits, mental anguish, and emotional suffering in addition to treble damages, attorney fees and costs, and punitive damages. Following discovery, both parties filed motions for summary judgment. The trial court granted summary judgment for Hayer.

The trial court found that Karst's disability discrimination action was barred by the provision of the Workers' Compensation Act providing for exclusive liability for work-related injuries, Minn.Stat. § 176.031. The court also found that Hayer's refusal to hire or assign a person to perform part of Karst's job responsibilities is not discriminatory under the Minnesota Human Rights Act, Minn.Stat. § 363.03, subd. 1(2), and Minn.Stat. § 363.03, subd. 1(6). Finally, the court found further that Karst was not a "qualified disabled person," the primary element of proof for a claim of disability discrimination, under Minn.Stat. § 363.01, subd. 25a.

### ISSUES

1. Did the trial court err in finding Karst's discrimination action barred by Minn.Stat. § 176.031 (1986)?

2. Did the trial court err in dismissing appellant's disability discrimination claims?

3. Did the trial court provide adequate findings for appellate review of the employment discrimination claims brought under Minn.Stat. § 363.03, subd. 1(2) (1986) and Minn.Stat. § 363.03, subd. 1(6) (1986).

### ANALYSIS

#### I.

Minn.Stat. § 176.031 (1986) provides:

[The] liability of an employer prescribed by this chapter is exclusive and in the place of any other liability to such employee * * * entitled to recover damages on account of such injury or death.

It is undisputed that appellant recovered workers' compensation benefits because of injuries sustained in the course and scope of employment. The question in this case is whether respondent discriminated against appellant by refusing to rehire Karst or to accommodate his disability in accordance with the Minnesota Human Rights Act. Appellant's claims are based on Minn.Stat. § 363.03, subd. 1(2) and Minn.Stat. § 363.03, subd. 1(6).

The trial court found that plaintiff's action is barred by the exclusivity provision of Minn.Stat. § 176.031 providing for employer's liability under the Workers' Compensation Act for the injuries and disabilities sustained. The trial court reasoned that:

5. Chapter 363 of Minnesota Statutes was not intended to require an employer to supplement the Workers' Compensation benefits by accommodating physically injured and handicapped employees with extraordinary assistance when they are unable to return to their job.

The trial court decision denies appellant's cause of action for disability discrimination.

Respondent and the trial court characterize appellant's claim as an attempt to "supplement worker's compensation benefits." Respondent argues that *Minneapolis Police Department v. Minneapolis Civil Rights Commission,* 402 N.W.2d 125 (Minn.Ct.App.1987), *aff'd,* 425 N.W.2d 235 (1988) supports its position. In *Minneapolis Police Department,* the court of appeals held, under Minn.Stat. § 176.031, that a worker's decision to proceed under the Workers' Compensation Act for *physical pain and suffering* bars a similar and later claim against the employer. 402 N.W.2d at 133.

The Workers' Compensation Act establishes employer liability for work-related physical injuries. It is true that the earlier physical injuries constitute the setting or basis for the failure to allow Karst to re-

turn to work, yet the Workers' Compensation Act does not redress appellant's injuries resulting from separate acts of discrimination. The act of failing to allow Karst to return to work caused injuries separate from the earlier physical injury compensable under the Workers' Compensation Act, and therefore constitutes a separate factual basis for his discrimination action. The act of failing to allow Karst to return to work occurred after his work-related personal injuries. For these reasons, we hold that the provision of the Workers' Compensation Act is not a bar to a discrimination action under the Minnesota Human Rights Act.

## II.

Summary judgment is proper only where there is no genuine issue of material fact. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979); Minn.R. Civ.P. 56.03.

In analyzing cases brought under the Minnesota Human Rights Act, Minnesota applies the test in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), consisting of a prima facie case, an answer and a rebuttal. *Sigurdson v. Isanti County*, 386 N.W.2d 715, 719–20 (Minn.1986). It is not clear from the briefs or the record whether appellant's disparate treatment claim is for discriminatory discharge or failure to hire. *See* Minn.Stat. § 363.03, subd. 1(2)(a) (discriminatory refusal to hire); Minn.Stat. § 363.03, subd. 1(2)(b) (discriminatory discharge). In either case, we leave this issue for further consideration by the trial court.

■ The plaintiff in an action for reasonable accommodation discrimination under Minn.Stat. § 363.03, subd. 1(6) must establish the following elements of a prima facie case:

1. The employer must employ 50 or more full-time employees;
2. The employee must be a qualified disabled person;
3. The disability must be known to the employer;
4. The employer failed to make reasonable accommodation to the disability.

Minn.Stat. § 363.03, subd. 1(6) (1986). We find that material factual issues exist in the record on the elements of the prima facie requirements for a claim of reasonable accommodation discrimination.

Two of the four elements of a prima facie case of reasonable accommodation discrimination are undisputed. Both parties agree that F.C. Hayer employed 50 or more full-time employees at all relevant times. The parties and trial court findings indicate that the extent of appellant's injuries leave little doubt that he is disabled. It is also undisputed that Karst's disability was known to F.C. Hayer.

We agree with appellant's contention that the trial court erred in finding that there were no material facts indicating he is a "qualified disabled person" under Minn.Stat. § 363.01, subd. 25a (1986). A qualified disabled person means:

> [w]ith respect to employment, a disabled person who, with *reasonable accommodation,* can perform the essential functions required of all applicants for the job in question * * *.

*Id.* (emphasis added). In order to be a "qualified disabled person," Karst must have shown that he is a disabled person, who with reasonable accommodation can perform the essential functions of a warehouseman. The meaning of "reasonable accommodation" is provided in Minn.Stat. § 363.03, subd. 1(6) (1986):

> "Reasonable accommodation" means steps which must be taken to accommodate the known physical or mental limitations of a qualified disabled person. "Reasonable accommodation" may include but is not limited to: (a) making facilities readily accessible to and usable by disabled persons; and (b) job restructuring, modified work schedules that do not reduce the total number of hours normally worked, acquisition or modification of equipment or devices, and the provision of aides on a temporary or periodic basis.

Karst alleges that with reasonable accommodation he could perform the essen-

tial functions of the warehouseman position. Karst admits that there would be some duties of the warehouseman position that he would not be able to do without some assistance. Specifically, he states that he would need assistance with heavy lifting of refrigerator boxes and heavy lifting involving the two-wheel hand cart. Appellant argues that he "could have returned to the warehouseman position that he held for many years and could do those functions with only minor accommodations on the part of the employer."

Karst alleges sufficient facts which indicate that material issues exist on whether the accommodations sought by appellant were reasonable. Appellant received "some accommodations" "in the form of job assignments and assistance from other employees in doing some heavy lifting activities" after his 1978 injury. Karst also argued before the trial court that Hayer "accommodated" a few other employees with disabilities.

Deposition testimony and affidavits from appellant, a co-worker, and a qualified rehabilitation consultant who worked with appellant supported Karst's position. The trial court disregarded this evidence, or otherwise concluded that the accommodations requested were unreasonable. Respondent argues that the trial court properly disregarded the opinions as without foundation and, therefore, not admissible evidence. However, sufficient facts are alleged by appellant to raise genuine issues of material fact, and the weight of the evidence is a matter of credibility to be determined at trial.

Karst stated in his own deposition that he could perform his duties with "essentially scheduling accommodations." His opinions were based largely on his ability to return to work after his first work-related injury, but are regardless opinions which have adequate foundation to constitute admissible evidence.

Ron Braunberger, a co-worker, stated in his affidavit that Karst could return and perform his previous job assignments with Hayer and this would not cause any changes to Hayer's business or cause any undue hardships.

Carol Mossey is a registered nurse that has worked with Karst on his rehabilitation from the 1984 injury since April 1985. She worked with Karst's treating physician in order to facilitate Karst's rehabilitation. She met with representatives of Hayer, including the warehouse supervisor, and spent time observing employees working in areas where Karst had worked.

Mossey stated in her deposition that Karst could do all of the activities in the warehouse required of a warehouseman, as well as the parts department, except for very heavy lifting involving the two-wheel hand cart and he would require some assistance in lifting refrigerator boxes. This assistance was available to appellant prior to his July 19, 1984 shoulder injury.

Finally, Mossey's affidavit reflects conversations with Hayer officials indicating:

> absolutely that it was company policy not to modify a job in any way so as to assist an employee in working and it further was company policy not to take an employee back as long as there were any restrictions.

This statement, and a similar one from a request for an administrative conference demonstrates Hayer's unwillingness to accommodate any disability. This fact alone may raise a question of fact precluding summary judgment.

Testimony and affidavits of Karst and Mossey raise genuine issues of material fact. Although questions remain whether Karst can perform the warehouseman position with "reasonable accommodation," there is admissible evidence indicating that he may be able to do so. Summary judgment for the employer was inappropriate.

### III.

Appellant also argues that, by failing to address the elements of plaintiff's prima facie case, the trial court did not appropriately engage in the *McDonnell Douglas* analysis. Because of our remand we find it unnecessary to fully discuss this issue, except to point out that in *Sigurdson v. Isanti County,* 386 N.W.2d 715 (Minn.

1986), the Minnesota Supreme Court stated:

> [b]ecause of the significance of factual issues in employment discrimination cases and the attendant deference that must be accorded trial courts in making their determinations on these issues, it is important that the basis for the court's decision be set forth clearly and explicitly so that an appellate court can conduct effective and meaningful review.

*Id.* at 721.

## DECISION

We reverse the trial court's granting of summary judgment and remand appellant's discrimination action as not barred by the exclusivity provision of the Workers' Compensation Act, and because genuine issues of material fact exist as to disability discrimination.

**REVERSED AND REMANDED.**